HARRIET WILLOWS ET UX., PLAINTIFFS, v. MEYER & BUSH COMPANY, INCORPORATED, ET AL., DEFEND-ANTS.

Submitted October term, 1925—Decided January 28, 1926.

**Negligence—Motor Vehicle Collision—Two Defendants Were Joint Tort-Feasors—Judgment Against Both Defendants— One Defendant is Not Entitled to an Instruction That the Jury are Limited to the Evidence Adduced by One Defendant Only.**

On rule, &c.

Before Justices PARKER, MINTURN and BLACK.

For the plaintiffs, *Edwards & Smith.*

For the defendants, *John W. McGeehan* and *John A. Matthews.*

PER CURIAM.

The plaintiffs, Harriet Willows and her husband, Alfred A. Willows, recovered judgments arising out of injuries sustained by the wife in an automobile collision on April 14th, 1919. Harriet Willows, the wife, was riding as a passenger in the jitney bus of the defendant Samuel Adekman. The bus collided with the automobile truck of the other defendant Meyer & Bush Company, Incorporated; both were made defendants in the action, and, against both, judgments were

recovered. Before the case was tried Mrs. Willows died and the action proceeded in the name of her husband as administrator and individually; resulting, as stated, in judgments against both defendants for $2,500 as administrator and $1,500 individually.

Rules were obtained by each defendant separately, and each writes down nine reasons for a new trial, which are substantially the same. We think the case essentially is, as against both defendants, one of fact, properly submitted to the jury for determination by the trial judge. The reasons do not call for an extended discussion. Suffice it to say, the rules to show cause should be discharged in each case. For the defendant Samuel Adekman it is urged that the verdict should be set aside, because there was error on the part of the trial court in not charging two requests submitted, one of which was "you may consider only the testimony of the witnesses called by the plaintiff in the plaintiffs' case up to the time that the defendant Adekman rested his case." The record shows there was no exception taken for not so charging, and even if such exception had been taken, it was not error to refuse such a request. The defendants are joint tort-feasors, either one or both are liable, hence, one is not entitled to an instruction that the jury are limited to the evidence adduced by one only. The rules in each case are discharged.